NUMBER 13-01-569-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                           CORPUS CHRISTI

 



 

ROEL FLORES,                                                        Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

 



 

                  On appeal from the 105th
District Court

                           of Nueces
County, Texas.

 



 

                              O P I N I O N

 

                 Before Justices Hinojosa,
Rodriguez, and Kennedy[1]

                                 Opinion by
Justice Kennedy

 








Appellant was indicted in two counts for possession of heroin and
possession of cocaine, each in the amount of less than one gram.  See Tex.
Health & Safety Code Ann. ' 481.115(b) (Vernon
Supp. 2002).  The heroin and cocaine were
shown to be mixed and contained in a syringe in the pocket of a shirt hanging
in a closet.

Appellant waived a jury and the case was tried before the court, which
found him guilty on each count and assessed punishment at confinement for two
years for each count, the sentences to run concurrently.

In his single point of error, appellant alleges insufficiency of the
evidence to affirmatively link him to the contraband seized as the result of
the execution of a search and arrest warrant. 
The affidavit for the warrant named two individuals other than appellant
and Aall other parties presently
unknown to affiant.@  We affirm.

The warrant was executed by City of Robstown police officers who
entered the premises designated and found therein appellant and his wife, his
sister, and his child.  All but the child
were handcuffed and a search of the premises ensued.  The apartment was leased to appellant=s wife.

One of the officers searched a closet and found a man=s shirt with a syringe
containing the mixture of heroin and cocaine in a pocket.  Appellant was the only occupant of the
premises who was arrested.








The testimony of one of the arresting officers is that when asked
about the contraband, appellant stated it was his.  Appellant testified that he told this to the
officer because he did not want his wife and sister taken to jail and his son
taken to Child Protective Services.  The
officer also testified that he asked appellant if there was anything else in
the apartment, and appellant replied that there was a syringe and a Acooker@ in the kitchen.  The officer further testified that appellant
stated that everything was his.

The trial judge heard the testimony of both the officer and appellant
and found appellant guilty.  We defer to
the factfinder=s determination of the
credibility of the witnesses and the weight to be given their testimony, and to
its resolutions of conflicts in the evidence. 
Scott v. State, 914 S.W.2d 628, 629 (Tex. App.BTexarkana 1995, no
pet.); see Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000)
(en banc) (the fact finder is the sole judge of the weight and credibility
given to witness testimony).

It is not clear whether appellant=s issue raises factual
insufficiency or legal insufficiency of the evidence in this appeal.  In the interest of justice, we interpret
appellant=s brief as challenging
both the legal and factual sufficiency of the evidence to support his
conviction.  

In reviewing legal insufficiency, we look at all of the evidence in
the light most favorable to the prosecution to determine whether any rational
trier of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979);Vasquez v. State, 67 S.W.3d 229, 236
(Tex. Crim. App. 2002); Johnson, 23 S.W.3d at 7. 








In reviewing factual insufficiency, we look at all of the evidence in
a neutral light, and will reverse only if the evidence supporting guilt is so
obviously weak as to render the conviction clearly wrong and manifestly unjust,
or if that evidence, although adequate when taken alone, is so greatly
outweighed by the overwhelming weight of contrary evidence as to render the conviction
clearly wrong and manifestly unjust.  Vasquez,
67 S.W.3d at 236 (citing Johnson, 23 S.W.3d at 7).  Although a reviewing court has, in a factual
sufficiency review, some authority to disregard evidence that supports the
verdict, it must be appropriately deferential so as to avoid substituting its
own judgment for that of the fact finder. 
Id. (citing Wesbrook v. State, 29 S.W.3d 103, 112 (Tex.
Crim. App. 2000)).

The evidence is neither legally nor factually insufficient to prove
that the contraband belonged to appellant. 
We overrule the single point of error and AFFIRM the judgment of the
trial court.

 

 

NOAH KENNEDY

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 22nd day of August, 2002.

 











[1]Retired
Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).